UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

          Case No. 08-CV-12506

          HON. GEORGE CARAM STEEH

GREGORY ERRIGO, et al,

          Defendants.

_____/

## ORDER GRANTING IN PART UNITED STATES' MOTION TO DISMISS

The United States brought suit against defendant Gregory Errigo for income taxes due for taxable years 1989, 1990, and 1991 and seeking to foreclose federal tax liens against certain real property. Errigo filed an answer and counter complaint in which he asserts four counterclaims. Counterclaim one seeks judicial review of administrative action by the Internal Revenue Service (IRS). Errigo alleges that the IRS incorrectly calculated tax, interest and penalties, failed to accept his offer in compromise and failed to foreclose its lien earlier. Counterclaim two seeks damages for the alleged deprivation of a legally and equitably recognized expectancy without due process of law. Counterclaim three seeks damages for violations of the Fair Debt Collection Practices Act (FDCPA). The government seeks dismissal of counterclaims one through three on the basis that subject matter jurisdiction is lacking because the government has not waived its sovereign immunity. The government also seeks dismissal of the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for Errigo's failure to

state a claim.  Counterclaim four seeks attorney's fees pursuant to the Equal Access to Justice Act.  The government seeks dismissal of that claim pursuant to Rule 12(b)(6) as Errigo has failed to show that he is a "prevailing party."  Errigo has not filed a response to the government's motion and the time period for doing so has expired.  The government's motion shall be decided based on its brief without oral argument.

STANDARD OF LAW

The United States has brought its motion under both Rule 12(b)(1) and 12(b)(6).  The court first considers the Rule 12(b)(1) motion since, if subject matter jurisdiction is lacking, the Rule 12(b)(6) motion is rendered moot.  Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  Munaco v. United States, 522 F.3d 651, 652 (6th Cir. 2008) (quoting United States v. Mitchell, 463 U.S. 206, 212 (1983)).  Errigo bears the burden of establishing subject matter jurisdiction of the court over his claim.  Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing Welsh v. Gibbs, 631 F.2d 436, 438 (6th Cir. 1980), cert. denied, 450 U.S. 981 (1981)).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  Mitchell, 463 U.S. at 538 (quotation omitted).  "The objection to a suit against the United States is fundamental, whether it be in the form of an original action, or a set-off, or a counterclaim.  Jurisdiction in either case does not exist, unless there is specific Congressional authority for it."  United States v. Shaw, 309 U.S. 495, 503 (1940) (quoting Nassau Smelting & Refining Works v. United States, 266 U.S. 101, 106 (1924).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff

has stated a claim upon which relief may be granted.  Under the Supreme Court's recent articulation of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.   To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 127 S. Ct. at 1964-65) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. (citing Bell Atlantic, 127 S. Ct. at 1965).

## ANALYSIS

Counterclaim one must be dismissed for lack of jurisdiction as Errigo has failed to show that the United States has waived its immunity for claims seeking judicial review of IRS decisions in federal district court.  Judicial review of the IRS's actions is not available because review of IRS decisions is governed by the Internal Revenue Code which provides for review of IRS Notices of Deficiency, prior to assessment, in the U.S. Tax Court, not federal district court.  See 26 U.S.C. §§ 6213(a), 6214, 7442.
Errigo failed to avail himself of this procedure for review prior to assessment.  Errigo also has failed to show that the government has waived its sovereign immunity for actions seeking judicial review of an IRS determination of whether to accept an offer in

compromise or of the timing of collection actions.  In counterclaim one, Errigo alleges that the government failed to timely act upon its lien and thus, allowed the lien to dissipate in value.  In addition to its sovereign immunity, the government alleges that this claim must be dismissed for failure to state a claim as 26 U.S.C. § 6502(a)(1) provides that the United States has ten years from the date of assessment to collect the tax by levy or proceeding in court.  No statute requires the United States to collect the tax any earlier.  Accordingly, the government also is entitled to dismissal of counterclaim one for failure to state a claim.

Counterclaim two shall also be dismissed for lack of jurisdiction as Errigo has failed to show that the United States has waived its sovereign immunity for damages claims under the Fifth Amendment.  There is no statute waiving the United States' immunity for claims for deprivations of property without due process of law.  Claims for damages for constitutional torts are not cognizable under the Federal Torts Claims Act.  F.D.I.C. v. Meyer, 510 U.S. 471, 475-79 (1994).  To the extent that Errigo seeks to bring a Fifth Amendment claim for compensation for a taking of property, that claim must be dismissed pursuant to Rule 12(b)(6).  Such claims may only be brought in federal district court if they do not exceed $10,000.  28 U.S.C. § 1346(a)(2).  Errigo has failed to plead any monetary amount owing and has failed to allege any facts to show that the United States has taken his property without compensation.  Accordingly, his takings claim must be dismissed for failure to state a claim.

Counterclaim three must also be dismissed for lack of jurisdiction as Errigo has failed to show that the United States has waived its immunity for claims under the FDCPA.  Moreover, counterclaim three must be dismissed for failure to state a claim as

the FDCPA specifically excludes federal employees acting in the performance of their official duties from its terms.  15 U.S.C. § 1692a(6)(C).  Collecting federal income tax, filing tax liens, and bringing levies upon property to collect unpaid taxes are official duties of the United States.  See 26 U.S.C. §§ 6323(f), 6331(a).  Thus, the filing of the Notices of Federal Tax Lien at issue in this case were filed by federal employees in the performance of their official duties.  Accordingly, the government also is entitled to dismissal of counterclaim three for Errigo's failure to state a claim.

Finally, the government moves to dismiss counterclaim four for failure to state a claim upon which relief may be granted.  Counterclaim four alleges that Errigo is entitled to attorney's fees under the Equal Access to Justice Act.  The government asserts that attorney's fees in cases brought by the United States in connection with the determination and collection of taxes are governed by 26 U.S.C. § 7430, not the Equal Access to Justice Act.  26 U.S.C. § 7430(a) provides that attorney fees may only be made by a "prevailing party."  The government contends that Errigo is not entitled to attorney's fees because it is not a prevailing party, and if he does prevail in the current action, he may seek attorney fees after the entry of the final judgment pursuant to 26 U.S.C. § 7430(a); 28 U.S.C. § 2412(d)(1)(B).  Because this case is still in its infancy and it remains possible that Errigo will become the prevailing party, it would be premature for this Court to dismiss his claim for attorney fees at this juncture.  Accordingly, Errigo's counterclaim four survives the government's motion to dismiss, albeit his reliance on the Equal Access to Justice Act as the basis for such an award, shall be stricken.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss (Doc. 23) hereby is GRANTED IN PART and Errigo's counterclaims one, two and three (Doc. 13) hereby are DISMISSED for lack of jurisdiction and for failure to state a claim.  The government's motion to dismiss (Doc. 23) hereby is DENIED IN PART AS PREMATURE as to Errigo's counterclaim four (Doc. 13) seeking attorney's fees. Errigo's claim for attorney fees as set forth at counterclaim four remains viable although his reference to the Equal Access to Justice Act as the basis for such an award hereby is STRICKEN.

Dated:  January 20, 2009

                                           s/George Caram Steeh
                                           GEORGE CARAM STEEH
                                           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 20, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk